UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE FRANK MCBRIDE COMPANY,<br>    Plaintiff,<br> vs.<br>COSENTINI ASSOCIATES, INC.,<br>    Defendant/Third-Party Plaintiff,<br><br> vs.<br>THE VMC GROUP, SURE SEAL, INC., BERGEN INDUSTRIAL SUPPLY CO, CLIMATE MASTER, INC. and HUNTER ROBERTS CONSTRUCTION GROUP, LLC,<br>    Third-Party Defendants,<br><br>HUNTER ROBERTS CONSTRUCTION GROUP, LLC,<br>    Fourth- Party Plaintiff,<br> vs.<br>THE FRANK MCBRIDE COMPANY,<br>    Fourth-Party Defendant. | Civil Action No. 12-cv-1825 (KSH)(CLW)<br><br>**REPORT AND RECOMMENDATION** |

**WALDOR, United States Magistrate Judge,**

  The Honorable Katharine S. Hayden, United States District Judge, referred fourth-party plaintiff, Hunter Roberts Construction Group, LLC's ("HRCG") motion for settlement enforcement. ECF No. 136. For the reasons set forth below, this Court respectfully recommends that the District Judge grant the motion for settlement enforcement.

  **I. BACKGROUND**

  Hunter Roberts Construction Group, LLC ("HRCG"), general contractor for the Hudson Green Project (the "Project") located in Jersey City, NJ, entered into three subcontracts (the "Subcontracts") in March 2007 with plaintiff, The Frank McBride Company ("McBride"), through which McBride agreed to perform HVAC work at the Project.

McBride also entered into a subcontract with Cetra Ruddy, Inc. for architectural services in connection with the Project. Cetra Ruddy hired defendant Cosentini Associates, Inc. ("Cosentini") as a design consultant to the Project. During the construction of the Project disputes arose that led to McBride to file suit against Cosentini.

On April 18, 2012 HRCG and McBride entered into a settlement agreement ("Settlement Agreement") in which McBride agreed to, among other things, "…indemnify and hold harmless HRCG, Hovnanian and EQR from and against any and all claims by any subcontractor, or subcontractor of any subcontractor to McBride or any other person claiming any derivative rights by, through or under McBride and/or any such subcontractor with respect to the construction of the Project…" *See* Certification of James P. Lisovicz, Esq., Ex. E. at ¶5, ECF No. 136.

On December 5, 2012, in response to McBride's lawsuit, Cosentini filed a third-party complaint, naming among others, HRCG as a third-party defendant. ECF No. 136-2, Ex. F. Upon being served with Cosentini's third-party complaint, HRCG tendered its defense to McBride. On April 9, 2013, Mark Hendrickson, Director of Construction for McBride, accepted by way of correspondence to HRCG's General Counsel, Lisa K. Howlett, HRCG's "tender of the defense of the third party complaint" and agreed "to defend and indemnify Hunter Roberts in the lawsuit without reservation." *See* Lisovicz Cert., Ex. G.

On April 15, 2013, Robert T. Lawless, counsel for McBride, directed counsel for HRCG to contact attorneys at Connell Foley regarding their substituting in to represent HRCG. *See* HRCG's Brief at 4, ECF No. 136. On April 16, 2013, Connell Foley acknowledged via email that they would "be taking over Hunter Roberts defense in this suit." *See* Lisovicz Cert. Ex. I. Yet, on April 26, 2013, Connell Foley informed HRCG's counsel that it was not "in a position to take over the representation" of HRCG in the Cosentini matter, leading in turn to HRCG filing a Motion for

Settlement Enforcement on August 19, 2013.  *See* Lisovicz Cert. Ex. J.; ECF No. 101.  On June 11, 2014, McBride and Cosentini reached a settlement agreement, resolving Cosentini's third-party claims against its various third-party defendants.  However, HRCG's fourth-party contract claim against fourth-party defendant McBride remains, resulting in the present motion for settlement enforcement.  *See* ECF No. 136.

## II.	DISCUSSION

The party seeking to enforce an agreement has the burden of proving an enforceable agreement exists.  United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997).  Federal common law governs this question, with consideration of the law of the forum.  Id. at 459.  Under the law of this forum, a settlement agreement is a contract and its enforceability is governed by contract law.  Tedesco Mfg. Co. v. Honeywell, Int'l Inc., 127 Fed. Appx. 50, 52 (3d Cir. 2005)(unpublished); Metropolitan Life Insurance Co., v. Hayes-Green, Civ. No. 07-2492, 2008 WL 2119976 (D.N.J. May 20, 2008).  A "contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty."  *See* Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992).  Thus, a "contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms."  Lightman, 988 F. Supp. at 458.

The Settlement Agreement's contractual validity is a not at issue. As McBride notes in their opposition papers, "there is very little in dispute over the facts relevant to this motion."  *See* Brief in Opposition HRCG's Motion ("Opposition") at 1, ECF No. 137-3.  Rather McBride argues that although the Settlement Agreement is valid, it has no obligation to indemnify HRCG because Cosentini was neither a subcontractor nor a subcontractor to a subcontractor of McBride.  Id. at 3.  In addition, McBride argues that its acceptance of the tender was not an enforceable agreement

due to lack of consideration, and was accepted only as a result of economic duress from HRCG. Id. at 4.

### a. The Derivative Nature of the Fourth-Party Complaint

In its Opposition, McBride argues that the Settlement Agreement does not obligate McBride to defend or indemnify HRCG due to Cosentini not being a subcontractor to HRCG or McBride.  *See* Opposition at 3.  Third-party complaints are governed by Federal Civil Procedure Rule 14.  "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.  If the claim is separate or independent from the main action, impleader will be denied." F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir.1994) *citing* C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355–58 (1990).

The Settlement Agreement binds McBride to "defend, indemnify and hold harmless HRCG… from and against any and all claims by any subcontractor, or any subcontractor of any subcontractor, to McBride or any other person claiming any *derivative* rights by, through or under McBride…."  *See* Lisovicz Cert., Ex. E. at ¶5 (emphasis added).  In its third-party complaint, Cosentini seeks contribution and indemnification from HRCG for "any verdict or judgment that is rendered against Cosentini and in favor of McBride in this action…" *See* Lisovicz Cert., Ex. F p. 11, ¶2.

Cosentini's third-party complaint against HRCG, pursuant to FRCP 14(a) is a direct result of and is derivative of McBride's suit against Cosentini.  Under the terms of the Settlement

Agreement, McBride is obligated to defend and indemnify HRCG in the fourth-party action as the claims made by Cosentini are derivative "by, through and under McBride."

### b. The Validity of the Tender

McBride also argues in its Opposition that its acceptance of tender, lacked consideration and was only entered into due to economic duress. *See* Opposition at 4. On April 9, 2013, McBride in a letter to HRGC's General Counsel accepted tender without reservation pursuant to the "terms of Article 8 of the subcontracts relating to [the Project]." (*See* Lisovicz Cert., Ex. G). The language of McBride's tender acceptance, including its referencing Article 8 of the Subcontracts affirms McBride's recognition and understanding of McBride's pre-existing contractual indemnification obligations to HRCG at the time of their accepting tender. As HRCG appropriately argues in their brief, the tender letter HRCG sent to Mr. Lawless, McBride's counsel, also states the consideration that "HRCG reserves its right to seek attorney's fees and costs under the Agreement and the Court Rules." *See* Certification of Adam M. Maurer, Esq., Ex. B. By accepting the tender with this consideration, McBride thereby could minimize the litigation costs and attorney's fees that it would owe to HRCG under the Settlement Agreement and Court Rules.

McBride further argues that they only agreed to the tender as a result of economic duress imposed on them by HRCG. *See* Opposition at 6. While New Jersey law does recognize the doctrine of economic duress as grounds for invalidating an otherwise enforceable contract, this defense does not apply here. *See* <u>Lindenberg v. Arrayit Corp.</u>, 2014 WL 3854078, at *5 (D.N.J. Aug. 6, 2014). Economic duress is generally comprised of two basic elements: (1) "[t]he party alleging economic duress must show that he has been the victim of a wrongful or unlawful act or threat, and (2)[s]uch act or threat must be one which deprives the victim of his unfettered will." <u>Everest Nat. Ins. Co. v. Sutton</u>, 2008 WL 3833586, at *5 (D.N.J. Aug. 13, 2008) *citing* <u>Cont'l Bank</u>

of Pennsylvania v. Barclay Riding Acad., Inc., 93 N.J. 153, 176 (1983).  "[T]he fact that one party may have the "upper hand" in negotiations does not automatically mean that the other party's agreement to a demand constitutes economic duress. *See* Everest Nat. Ins.*,* 2008 WL 3833586, at *5; Windsor Card Shops, Inc. v. Hallmark Cards, Inc., 957 F.Supp. 562, 570 (D.N.J.1997) (no economic duress in debt negotiation even though a creditor may have the "upper hand").

No evidence has been presented that indicates HRCG performed a "wrongful or unlawful act" that deprived McBride of their "unfettered will."  While HRCG may have had the "upper hand" at the time of McBride's tender acceptance, McBride had the time and counsel, necessary to make an informed decision as to whether they should accept tender, and chose to do so upon their own free will.

### III.   CONCLUSION

In light of the foregoing, the Court recommends that the District Judge grant the fourth-party plaintiff, Hunter Roberts Construction Group, LLC's motion for settlement enforcement. The parties have 14 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date of receipt of the report and recommendation.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**